# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# GREENVILLE DIVISION

| | |
|---|---|
| O.R., by and through his parents, Cheryl Rogers and Greg Rogers, on behalf of himself and those similarly situated; Cheryl Rogers; Greg Rogers; E.G., by and through her mother, Amber Galea, on behalf of herself and those similarly situated; M.G by and through her mother, Amber Galea; and W.M., by and through his mother, Kersey Clark,<br><br>    Plaintiffs,<br><br>v.<br><br>Greenville County, South Carolina; Greenville County Library System; Beverly James, in her official capacity as Executive Director of the Greenville County Library System; and Karen Allen, in her official capacity as Youth Services Manager of the Greenville County Library System,<br><br>    Defendants. | Civil Action No. 6:25-2599-DCC<br><br><br>**ANSWER TO AMENDED COMPLAINT OF DEFENDANT GREENVILLE COUNTY** |

The Defendant Greenville County answers the Plaintiffs' Amended Complaint herein as follows:

## **FOR A FIRST DEFENSE**

1. The Defendant Greenville County denies each and every allegation of the Plaintiffs' Amended Complaint not hereinafter specifically admitted, qualified, or explained.

2. As to the allegations set forth in Paragraphs 1 through 4 of the Plaintiffs' Amended Complaint, the Defendant Greenville County lacks sufficient information to admit or deny those allegations and, as a result, denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

3. As to the allegations set forth in Paragraphs 5 through 7 of the Plaintiffs' Amended Complaint, the Defendant Greenville County denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

4. As to the allegations set forth in Paragraphs 8 through 11 of the Plaintiffs' Amended Complaint, the Defendant Greenville County lacks sufficient information to admit or deny those allegations.

5. The allegations set forth in Paragraph 12 of the Plaintiffs' Amended Complaint are admitted.

6. The allegations set forth in Paragraph 13 of the Plaintiffs' Amended Complaint are denied.

7. As to the allegations set forth in Paragraph 14 of the Plaintiffs' Amended Complaint, the Defendant Greenville County craves reference to the statutes as cited therein and denies any allegations inconsistent therewith.

8. The allegations set forth in Paragraphs 15 and 16 of the Plaintiffs' Amended Complaint are admitted.

9. As to the allegations set forth in Paragraph 17 of the Plaintiffs' Amended Complaint, the Defendant Greenville County craves reference to the statutes as cited therein and denies any allegations inconsistent therewith.

10. As to the allegations set forth in Paragraphs 18, 19, and 20 of the Plaintiffs' Amended Complaint, the Defendant Greenville County craves reference to the Greenville Library's Collection Development and Maintenance Policy and denies any allegations inconsistent therewith. Further answering, Defendant Greenville County denies any policy-making authority over or involvement in the development or implementation of the Greenville Library's Collection Development and Maintenance Policy.

11. The allegations set forth in Paragraph 21 of the Plaintiffs' Amended Complaint are jurisdictional, to which no response is required.

12. As to the allegations set forth in Paragraphs 22 and 23 of the Plaintiffs' Amended Complaint, the Defendant Greenville County admits that venue properly lies in the Greenville Division.

13. The allegations set forth in the first sentence Paragraph 24 of the Plaintiffs' Amended Complaint are admitted. Further answering, as to the remaining allegations set forth in Paragraph 24, the Defendant Greenville County craves reference to the statute as cited therein and denies any allegations inconsistent therewith.

14. As to the allegations set forth in Paragraphs 25 through 99 of the Plaintiffs' Amended Complaint, the Defendant Greenville County lacks sufficient information to admit or deny those allegations and, as a result, denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

15. As to the allegations set forth in Paragraph 100 of the Plaintiffs' Amended Complaint, the Defendant Greenville County denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

16. As to the allegations set forth in Paragraphs 101 through 108 of the Plaintiffs' Amended Complaint, the Defendant Greenville County lacks sufficient information to admit or deny those allegations and, as a result, denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

17. As to the allegations set forth in Paragraph 109 of the Plaintiffs' Amended Complaint, the Defendant Greenville County denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

18. As to the allegations set forth in Paragraphs 110 through 115 of the Plaintiffs' Amended Complaint, the Defendant Greenville County lacks sufficient information to admit or deny those allegations and, as a result, denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

19. As to the allegations set forth in Paragraphs 116 through 151 of the Plaintiffs' Amended Complaint, the Defendant Greenville County lacks sufficient information to admit or deny those allegations.

20. The allegations set forth in Paragraphs 132 through 161 of the Plaintiffs' Amended Complaint pertaining to a purported class action are denied as premature and for lack of sufficient information to admit or deny those allegations. Further answering, the Defendant Greenville County denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County.

21. As to the allegations set forth in Paragraph 162 of the Plaintiffs' Amended Complaint, the Defendant Greenville County reiterates and realleges each corresponding paragraph of this Answer set forth herein.

22. As to the allegations set forth in Paragraphs 163 through 183 of the Plaintiffs' Amended Complaint, the Defendant Greenville County lacks sufficient information to admit or deny those allegations and, as a result, denies those allegations to the extent asserted against or otherwise specifically naming and implicating the Defendant County. Further answering, the Defendant Greenville County denies that it is a necessary party to this action, denies that it is a policymaker with respect to the Defendant Greenville County Library System, denies any direct or vicarious liability for the Defendant Greenville County Library System or the individual Defendants, and takes no position on the ultimate issues of this litigation as alleged against the other Defendants.

23. The Defendant Greenville County denies the allegations and relief sought as set forth in the prayer of the Plaintiffs' Amended Complaint to the extent the Plaintiffs seek any such relief against the County.

**FOR A SECOND DEFENSE**

24. The Plaintiffs' Amended Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted against the Defendant Greenville County. Accordingly, the Defendant County reserves its right to file a motion pursuant to Rule 12(b)(6), FRCP, and/or Rule 12(c), FRCP.

**FOR A THIRD DEFENSE**

25. To the extent the Plaintiffs' claims are asserted against or otherwise specifically name and implicate the Defendant Greenville County, the Defendant County alleges that the Plaintiffs lack standing to assert their claims against the County. Accordingly, the Defendant County reserves its right to file a motion pursuant to Rule 12(b)(1), FRCP.

## FOR A FOURTH DEFENSE

26. To the extent the Plaintiffs' claims are asserted against or otherwise specifically name and implicate the Defendant Greenville County, the Plaintiffs' Amended Complaint fails to state a justiciable claim.

## FOR A FIFTH DEFENSE

27. The Defendant Greenville County is not a proper or necessary party in this action. If this Court grants any injunctive relief in this case, it would be binding on the Defendant Greenville County without regard to its inclusion as a party.

## FOR A SEVENTH DEFENSE

28. Pursuant to Rule 21, FRCP, the Defendant Greenville County was mis-joined in this case and should be dismissed.

WHEREFORE, having fully answered the Plaintiffs' Amended Complaint, the Defendant Greenville County prays that the Amended Complaint be dismissed with prejudice against the Defendant County, for the costs of this action, and for such other and further relief as the Court deems just and proper.

LINDEMANN LAW FIRM, P.A.

BY: *s/ Andrew F. Lindemann*
    ANDREW F. LINDEMANN    #5070
    5 Calendar Court, Suite 202
    Post Office Box 6923
    Columbia, South Carolina 29260
    (803) 881-8920
    Email: andrew@ldlawsc.com

*Counsel for Defendant Greenville County*

June 13, 2025