IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **O.R.**, by and through his parents, Cheryl Rogers and Greg Rogers; **CHERYL ROGERS**; **GREG ROGERS**; **E.G. and M.G.** by and through their mother, Amber Galea; and **W.M.**, by and through his mother, Kersey Clark;<br><br>*Plaintiffs*,<br><br>v.<br><br>**BEVERLY JAMES**, in her official capacity as Executive Director of the Greenville County Library System; **KAREN ALLEN**, in her official capacity as Youth Services Manager of the Greenville County Library System; **GREENVILLE COUNTY, South Carolina**; **GREENVILLE COUNTY LIBRARY SYSTEM.**<br><br>*Defendants*. | Case No. 6:25-cv-02599-DCC<br><br><br>**NOTICE OF SUPPLEMENTAL AUTHORITIES** |

Plaintiffs hereby notify the Court of two cases that were issued after the Parties submitted their briefs on Defendants' Motion to Dismiss. The first case was issued on August 13, 2025, by the United States District Court for the Middle District of Florida. *See* Ex. A (*Penguin Random House LLC v. Gibson*, --- F. Supp. 3d ----, 2025 WL 2408178 (M.D. Fla. Aug. 13, 2025)). The second case was issued on August 15, 2025, by the United States Court of Appeals for the Fourth Circuit. *See* Ex. B (*Doe by Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386 (4th Cir. Aug. 15, 2025)).

1

**Brief Summary of Supplemental Authorities**

1.  *Penguin Random House LLC v. Gibson*

In *Penguin Random House LLC v. Gibson*, No. 6:24-CV-1573-CEM-RMN, 2025 WL 2408178 (M.D. Fla. Aug. 13, 2025), the United States District Court for the Middle District of Florida granted summary judgment for plaintiffs challenging Florida's HB 1069, which mandated removal of school library books that "describe sexual conduct" or are "pornographic." The facts, legal standards, and constitutional analysis in *Penguin Random House* directly support Plaintiffs' First Amendment claims in this case, which have even greater force in a public library setting. Specifically, the court ruled that:

- **Standing**: Students and parents have standing to challenge book removals based on their "right to receive information," which "is protected by the First Amendment." *Id.* at *4–5.

- **Rejection of Government Speech Doctrine**: The court held that the placement and removal of books in public school libraries is not government speech, noting that "if placing these [disparate] books on the shelf of public school libraries constitutes government speech, the State 'is babbling prodigiously and incoherently.'" *Id.* at *8–10 (quoting *GLBT Youth v. Reynolds*, 114 F.4th 660, 668 (8th Cir. 2024) (quoting *Matal v. Tam*, 582 U.S. 218, 236 (2017))).

- **Distinguishing *Little v. Llano*, 138 F.4th 834 (5th Cir. 2025)**: The court found that "the government is not engaging in expressive activity" because the "statutory provision at issue does not involve the discretion of government employees in curating an appropriate collection of library books that are 'worth reading.'" *Id.* at *9. Unlike in *Little*, where librarians removed books at their discretion, librarians were required to remove books if they had "even a single reference to the prohibited subject matter." *Id.*

- **First Amendment Scrutiny Applies**: The court applied the nonpublic forum standard, holding that restrictions on school library materials must be "reasonable in light of the purpose served by the forum," *id.* at *13, noting that this standard is "quite similar" to "the *Pico*

standard." *Id.* at 12 n.3. The court further noted that "[t]he traditional purpose of a library is to provide information on a broad range of subjects and viewpoints." *Id.* at *13 (quoting *Pen Am. Ctr., Inc. v. Escambia Cnty. Sch. Bd.*, 711 F. Supp. 3d 1325, 1331 (N.D. Fla. 2024)).

**2.    *Doe by Doe v. South Carolina***

In *Doe by Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386 (4th Cir. Aug. 15, 2025), the Fourth Circuit granted plaintiffs' preliminary injunction pending appeal, enjoining South Carolina from enforcing its ban on transgender public school students using restrooms that match their gender identities. On September 10, 2025, the Supreme Court denied South Carolina's application to stay that injunction pending appeal. *South Carolina v. Doe*, No. 25A234, --- S. Ct. ----, 2025 WL 2610400, at *1 (U.S. Sept. 10, 2025). The Fourth Circuit held that:

- ***Grimm* is still controlling precedent in the Fourth Circuit**: The court rejected the district court's reasoning that *Grimm v. Gloucester County School Board*. 972 F.3d 586 (4th Cir. 2020), *cert. denied* 141 S. Ct. 2878 (2021), is "'unsettled' precedent," holding that "*Grimm* remains the law of [the Fourth] Circuit and is binding on all district courts within it." *Doe*, at *3, 8. The court rejected the State's argument "discount[ing] *Grimm*'s presently binding effect on [plaintiff's] claims by forecasting that it—or its premises—will be overruled by the Supreme Court's decision in [*West Virginia v.*] *B.P.J.* [No. 24-43]," because "[s]uch speculation is not the proper basis for denying a preliminary injunction pending appeal." *Id.* at *9. In his concurring opinion, even Judge Agee, who "believe[s] that *Grimm* was wrongly decided," acknowledged that "*Grimm* binds all the judges of this Circuit" until the Supreme Court chooses to overrule it. *Id.* at *14.

*    *    *

WHEREFORE, Plaintiffs respectfully ask the Court to consider this authority, in addition to the arguments already presented, to deny Defendant's Motion to Dismiss, ECF 20.

3

Dated: September 18, 2025

Respectfully submitted,

| **ACLU OF SOUTH CAROLINA** | **AMERICAN CIVIL LIBERTIES UNION FOUNDATION** |
|---|---|
| */s/ Allen Chaney* <br> Allen Chaney, Fed. ID No. 13181 <br> P.O. Box 1668 <br> Columbia, SC 29202 <br> T: (864) 372-6881 <br> E: achaney@aclusc.org | Shana Knizhnik (*pro hac vice*) <br> Joshua Block (*pro hac vice*) <br> 125 Broad Street, Floor 18 <br> New York, NY 10004 <br> T: (212) 549-2500 <br> E: sknizhnik@aclu.org <br>    jblock@aclu.org |