IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| O.R., by and through his parents, Cheryl Rogers and Greg Rogers, on behalf of himself and those similarly situated; <br><br> CHERYL ROGERS; <br><br> GREG ROGERS; <br><br> E.G., by and through her mother, Amber Galea, on behalf of herself and those similarly situated; <br><br> M.G., by and through her mother, Amber Galea; and <br><br> W.M., by and through his mother, Kersey Clark, <br><br>           *Plaintiffs*, <br> v. <br><br> GREENVILLE COUNTY, SOUTH CAROLINA; <br><br> GREENVILLE COUNTY LIBRARY SYSTEM; <br><br> BEVERLY JAMES, in her official capacity as Executive Director of the Greenville County Library System; and <br><br> KAREN ALLEN, in her official capacity as Youth Services Manager of the Greenville County Library System, <br><br>           *Defendants*. | C/A No. 6:25-cv-02599-DCC |

  The Library Defendants respectfully submit this Response to Plaintiffs' Notice of Supplemental Authority (ECF 37), which asks this Court to consider two recent court decisions: *Penguin Random House LLC v. Gibson*, --- F. Supp. 3d ----, No. 6:24-cv-1573, 2025 WL 2408178 (M.D. Fla. Aug. 13, 2025), and *Doe by Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386 (4th Cir. Aug. 15, 2025). The Library Defendants suggest the Court should disregard those Orders.

**I. *Penguin* is neither controlling nor persuasive.**

  The ruling in *Penguin* has no relevance here. Leave aside, for now, the fact that it's an out-of-circuit case that's currently on appeal (*see Penguin Random House LLC v. Gibson*, Notice of Appeal, ECF No. 141 (M.D. Fla., Sept. 12, 2024). That means it's too soon to know if the *Penguin* Order will hold up in *that* litigation, much less whether it will offer any guidance elsewhere. And

leave aside, too, the dubious reasoning in the *Penguin* Order that makes it unconvincing. This Court need not cross that bridge because *Penguin* is distinguishable on its own terms.

Start with standing, the first issue that Plaintiffs mention. One need read no further than the first sentence of the Background in *Penguin* to realize the case is materially factually different from this case. The plaintiffs in *Penguin* actually *tried*, but *were unable to*, access specific books before filing suit. *See Penguin* at *1; *id.* at *4 (discussing injury-in-fact and noting that "Plaintiffs sue on behalf of their minor children who *have tried* to access books that were removed from their school libraries") (emphasis added). That's a far cry from the facts alleged in this case. Some of the Plaintiffs in this suit haven't even identified any book they wanted to (much less tried to) check out. *See* Mot. to Dismiss (ECF No. 20) at 8–10. One Plaintiff identified a series he is "interested" in, but he never even tried to check the books out. *Id.* at 12. Another identified a book she allegedly couldn't check out herself, but she could have read it in the library, and her mom (a Plaintiff herself) presumably would have checked it out for her had she asked. *Id.* at 10–11. That's not enough to establish standing. Even assuming *Penguin's* analysis is correct (which certainly isn't conceded), nothing in *Penguin*—which involved very different facts—alters that conclusion.

The next issue Plaintiffs point to—*Penguin*'s supposed rejection of the government speech doctrine—fares no better. With due respect to the Middle District of Florida and the Eighth Circuit opinion it cites, no one serious argues that the *contents* of the books are the government speech. It's the *selection and curation* of the collection that are government speech. Any analysis of a government speech argument that fails to understand and grapple with that distinction provides little persuasive value.

The third issue in *Penguin* that Plaintiffs point to is perhaps most astonishing of all, namely an attempt to distinguish *Little v. Llano County, Texas*, 138 F.4th 834 (5th Cir. 2025). The fact that *Penguin* may have been distinguishable from *Little* is irrelevant here. We're not litigating *Penguin*.

There are striking similarities between this case and *Little*. If the Court is inclined to look to out-of-circuit cases, it should look to *Little*, not to *Penguin* (as *Penguin* seems to admit).

Finally, Plaintiffs argue that *Penguin* bolsters their argument about the applicability of the nonpublic forum standard. The problem with that argument is that it runs afoul of a higher authority. *See United States v. Am. Libr. Ass'n, Inc.*, 539 U.S. 194, 205 (2003) (plurality) ("[F]orum analysis and heightened judicial scrutiny are . . . incompatible with the discretion that public libraries must have to fulfill their traditional missions."); *id*. at 206 ("("A public library does not . . . collect[] books in order to provide a public forum for the authors of books to speak.").

## II.    Neither *Doe* nor *Grimm* control the outcome here.

The second case Plaintiffs point to—*Doe v. South Carolina* (and, by proxy, *Grimm v. Gloucester*)—does not control the outcome here, either. Start with the obvious. Neither *Doe* nor *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020), cert. denied 141 S. Ct. 2878 (2021) involved First Amendment claims, so those cases aren't instructive on the First Amendment issues raised in this suit. Nor is the Equal Protection analysis in *Doe* and *Grimm* controlling here. Leave aside for now the fact that the Supreme Court's recent reversal of *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) and its grant of certiorari in *B.P.J. v. West Virginia*, 98 F.4th 542 (4th Cir. 2024) indicate that *Grimm*'s continued vitality may be short-lived.[1]

Furthermore, even *Grimm*'s Equal Protection analysis is distinguishable from this case, since *Grimm* alleged (i) a concrete, tangible, denial of physical access to certain facility spaces,

---

[1] Plaintiffs also overlook the fact that three Justices would have granted South Carolina's request to set aside the appellate injunction in *Doe*. In addition, Court watchers have commented on the uncommon statement in the Court's order declining to set aside the injunction and stating that "The denial of the application is not a ruling on the merits of the legal issues presented in the litigation." *See* Jeffrey Kahn and Stephen Wermiel, SCOTUS blog, *The Strange Case of the Superfluous Sentence* (Sept. 25, 2025), https://www.scotusblog.com/2025/09/the-strange-case-of-the-superfluous-sentence/. Both the injunction pending appeal in *Doe* and the holding in *Grimm* may be altered by the Supreme Court's ruling in *B.P.J.* later this term.

and (ii) disparate treatment on the basis of gender identity, i.e., the "transgender male" plaintiff was prevented from accessing bathrooms that "cisgender" male students were allowed to access. The former is a different category of Equal Protection claim that isn't implicated here, and the latter is analytically different than the situation here, where every similarly situated minor has the same access to the same set of books, regardless of sexual orientation or gender identity.

## CONCLUSION

For these reasons, the Library Defendants respectfully suggest that the Court should disregard the *Penguin* and *Doe* Orders as supplemental authority in this case

       Respectfully submitted,

       NELSON MULLINS RILEY & SCARBOROUGH LLP

       By: /s/ Miles E. Coleman
           Miles E. Coleman (Fed. ID No. 11594)
           E-Mail: miles.coleman@nelsonmullins.com
           2 W. Washington Street / Suite 400
           Greenville, SC 29601
           (864) 373-2300

       WILSON JONES CARTER & BAXLEY

           Charles F. Turner, Jr. (Fed. ID No. 05849)
           J. Nathan Ozmint (Fed. ID No. 14360)
           John P. "Jack" Riordan (Fed. ID No. 07314)
           325 Rocky Slope Rd., Suite 201
           Greenville, South Carolina 29607
           (864) 672-3711
           cfturner@wjcblaw.com
           jpriordan@wjcblaw.com
           jnozmint@wjcblaw.com

*Attorneys for Greenville County Library System; Beverly James, in her official capacity as Executive Director of the Greenville County Library System; and Karen Allen, in her official capacity as Youth Services Manager of the Greenville County Library System*

Greenville, South Carolina
October 2, 2025