# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| **O.R.**, by and through his parents, Cheryl Rogers and Greg Rogers; **CHERYL ROGERS**; **GREG ROGERS**; **E.G. and M.G.** by and through their mother, Amber Galea; and **W.M.**, by and through his mother, Kersey Clark; <br><br> *Plaintiffs*, <br><br> v. <br><br> **BEVERLY JAMES**, in her official capacity as Executive Director of the Greenville County Library System; **KAREN ALLEN**, in her official capacity as Youth Services Manager of the Greenville County Library System; **GREENVILLE COUNTY, South Carolina**; **GREENVILLE COUNTY LIBRARY SYSTEM.** <br><br> *Defendants*. | Case No. 6:25-cv-02599-DCC <br><br><br> NOTICE OF SUPPLEMENTAL AUTHORITY |

Plaintiffs hereby notify the Court of supplemental authority in support of their Opposition to Defendants' Motion to Dismiss, ECF No. 27. The Eastern District of Virginia issued the attached opinion on October 20, 2025. *See* Ex. A. (*E.K. by & through Keeley v. Dep't of Def. Educ. Activity*, No. 1:25-CV-637 (PTG/IDD) (E.D. Va. Oct. 20, 2025)).

1

**Brief Summary of Supplemental Authority**

In *E.K. et al., v. Department of Defense Education Activity* (*DoDEA*) the United States District Court for the Eastern District of Virginia preliminarily enjoined a raft of book removals at Department of Defense Education Activity (DoDEA) schools.[1] Defendants were ordered to reshelve books that were removed because they contained "divisive concepts" about gender and race. Ex. A, at 2–3. The facts, legal standards, and constitutional analysis in *E.K. v. DoDEA* directly support Plaintiffs' First Amendment claims in this case, which have even greater force in a public library setting. Specifically, the court ruled that:

- **Standing**: The court held that a plaintiff's inability to check out specific books satisfied the injury-in-fact requirement under the First Amendment, finding that plaintiff attempts to access specific titles established standing. *Id.* at 15–17. This ruling directly supports the standing of Plaintiffs E.G. and H.G., who have identified specific books they cannot access due to Defendants' policies, including *Snapdragon*, *The Cardboard Kingdom* and *Red: A Crayon's Story*. ECF No. 5 at ¶¶ 138, 141.

- **Rejection of Government Speech Doctrine**: The court held that school libraries "lack the quintessential elements of government speech," finding that public school libraries' history as "loci of intellectual freedom" conflicted with the notion that they are government speech. Ex. A, at 24 (citing *Bd. of Ed. v. Pico*, 457 U.S. 853, 868 (1982); *PEN Am. Ctr., Inc. v. Escambia Cnty. School Bd.*, 711 F. Supp. 3d 1325, 1331 (N.D. Fla. 2024)). The court further found that the public was unlikely to view library books as "conveying a government message." *Id*. The court rejected proposed analogies to the same forms of recognized government speech that the Defendants press in this case. *Id.* at 24–25. Unlike the public monuments in *Summum*, library books are not "closely identified in the public mind with the government unit that owns the land." *Id.* at 25 (quoting *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 472 (2009)).

---

[1] The court narrowed its preliminary injunction to "the five DoDEA schools at issue in [the] case," and rejected plaintiffs' request for relief at "all DoDEA schools." Ex. A at 43–44.

2

And unlike state license plates, library books do not "expressly display the state's imprimatur." *Id.* (citing *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 212 (2015)). The court likewise rejected defendants' argument—identical to Defendants' argument in this case—that *Moody v. NetChoice, LLC*'s protection of "*private* curation" of third-party content was at all relevant to whether public library collections constituted government speech. *Id.* at 26 (emphasis in original) (citing *Moody*, 603 U.S. 707, 728 (2024)).

- **Application of *Pico* standard to First Amendment challenge to book removals**: Although the court noted the lack of precedential clarity regarding the standard for evaluating school library book removal cases, the court nonetheless "relied on [*Pico*] for guidance" and noted that "the Fourth Circuit has repeatedly" relied on its plurality opinion for the proposition that the First Amendment protects the right to receive information. *Id.* at 30 & n.8 (citing *Rossignol v. Voorhaar*, 316 F.3d 516, 522 (4th Cir. 2003); *Satellite Broad. & Commc'ns Ass'n v. FCC*, 275 F.3d 337, 353 (4th Cir. 2001)). In "applying the *Pico* framework," the court "focuse[d] on Defendants' stated motivations for removing the books," ultimately concluding that the removals were driven by "an impermissible partisan or political motivation," and disagreeing with the defendants' contention that the removals related to "gender ideology" arose from "only the pedagogical concern of ensuring that students receive instruction on the biological binary of sex," as opposed to an intent "to deny [p]laintiffs access to ideas that [defendants] . . . found distasteful, 'radical,' or 'divisive.'" *Id.* at 31–34. Based in part on that conclusion, the court found that plaintiffs were likely to succeed on their First Amendment claims. *Id.* at 37.

\*   \*   \*

WHEREFORE, Plaintiffs respectfully ask the Court to consider this authority, in addition to the arguments already presented, to deny Defendant's Motion to Dismiss, ECF 20.

[*Signature Blocks on Following Page*]

Dated: **October 28, 2025**

Respectfully submitted,

| ACLU OF SOUTH CAROLINA | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
|---|---|
| */s/ Allen Chaney* <br> Allen Chaney, <br> Fed. ID No. 13181 <br> P.O. Box 1668 <br> Columbia, SC 29202 <br> T: (864) 372-6881 <br> E: achaney@aclusc.org | Shana Knizhnik (*pro hac vice*) <br> Joshua Block (*pro hac vice*) <br> 125 Broad Street, Floor 18 <br> New York, NY 10004 <br> T: (212) 549-2500 <br> E: sknizhnik@aclu.org <br>    jblock@aclu.org |