IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| O.R., by and through his parents, Cheryl Rogers and Greg Rogers, on behalf of himself and those similarly situated; <br><br> CHERYL ROGERS; <br><br> GREG ROGERS; <br><br> E.G., by and through her mother, Amber Galea, on behalf of herself and those similarly situated; <br><br> M.G., by and through her mother, Amber Galea; and <br><br> W.M., by and through his mother, Kersey Clark, <br><br>                                  *Plaintiffs*, <br><br> v. <br><br> GREENVILLE COUNTY, SOUTH CAROLINA; <br><br> GREENVILLE COUNTY LIBRARY SYSTEM; <br><br> BEVERLY JAMES, in her official capacity as Executive Director of the Greenville County Library System; and <br><br> KAREN ALLEN, in her official capacity as Youth Services Manager of the Greenville County Library System, <br><br>                                  *Defendants*. | Civil Action No. 6:25-cv-02599-DCC <br><br><br> **MOTION FOR EXTENSION OF TIME TO FILE A SUPPLEMENTAL EXHIBIT TO THE LIBRARY DEFENDANTS' MOTION TO DISMISS** |

Pursuant to Local Civil Rule 6.01 (D.S.C.) and the Honorable Donald C. Coggins Jr.'s Filing Preference No. 4, Defendants the Greenville County Library System, Beverly James, and Karen Allen (collectively the "Library Defendants") request an extension of time in which to file a supplemental exhibit to their Motion to Dismiss (ECF No. 20). This exhibit—the declaration of Beverly James, Executive Director of the Greenville County Library System, attached hereto as Exhibit A—was not attached to the Motion to Dismiss itself because the declaration responds to questions raised by the Court during the hearing on the Library Defendants' Motion to Dismiss.

In particular, the attached declaration is responsive to Judge Coggins' questions about whether each library location has a Parenting and Early Childhood ("PEC") section and, if not, whether library patrons who normally frequent one Greenville Library location have different or less convenient access to certain books than library patrons who frequent other Greenville Library locations. Those questions relate to and arose during the discussion of whether Plaintiffs have standing to assert their Equal Protection claims.

Because the information in the attached declaration is relevant to Plaintiffs' standing (or lack thereof), the Court may consider this declaration for that purpose without converting the motion into one for summary judgment and without need to hold an evidentiary hearing or permit discovery. *See*, *e.g.*, *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) ("When a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, . . . the district court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'") (citation omitted).

This is particularly true when, as here, the assertions in the declaration are not contrary to the allegations of the Complaint, and, therefore, do not create a factual dispute to be decided or a testimonial conflict to be weighed.[1] *See*, *e.g.*, *Saval v. BL Ltd.*, 710 F.2d 1027, 1029 n.2, 1031 n.4 (4th Cir. 1983) (noting that when considering "motions to dismiss under Rule 12(b)(1), courts may

---

[1] For example, on the question of which locations have PEC sections, the Complaint alleges only that at the time the Library Board voted to amend the collection policy, not all library locations had a PEC section, *see* Am. Compl. ¶ 71, and that prior to the Board's votes, books were allegedly removed from the library catalog, *id.* ¶¶ 102, 104. The declaration attached hereto doesn't dispute the truth of those allegations (though the Library Defendants may do so later). Rather, the declaration makes a different (and more important) point that at *the time the Complaint was filed*, every Greenville Library location had a PEC section and that no books have been removed from any library locations due to the collection policy changes. *See* Ex. A at ¶¶ 5–8; *see also Wild Va. v. Council on Env't Quality*, 56 F.4th 281, 293 (4th Cir. 2022) ("When evaluating standing, we must look to the facts at the time the complaint was filed.").

consider affidavits and other extrinsic information to determine whether subject matter jurisdiction exists," and affirming the district court's dismissal when "the district court judge made his determination after considering affidavits, the pleadings, and argument by counsel [and i]t does not appear that an evidentiary hearing was held to resolve any factual uncertainties"); *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629–30 (4th Cir. 2016) (affirming dismissal under Rule 12(b)(1) and holding that even in a factual challenge to standing, the district court could rely on extrinsic evidence without conducting jurisdictional discovery or holding an evidentiary hearing when there were no factual disputes or contradictory testimony to resolve); *In re Marriott Int'l, Inc.*, 626 F. Supp. 3d 814, 831 (D. Md. 2022) (discussing factual challenge to standing and noting that a "formal evidentiary hearing is not required for a court to resolve a Rule 12(b)(1) motion as long as the non-moving party has been given the opportunity to be heard"); 5B Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1350 (4th ed.) ("formal hearing on the matter is not required" as long as the nonmoving party has an opportunity to be heard).

Before filing this motion, counsel for the Library Defendants consulted with Plaintiffs' counsel and Greenville County's counsel. Greenville County does not oppose the requested extension of time. Plaintiffs oppose the Library Defendants' submission of a supplemental exhibit and, therefore, do not consent to this request for an extension of time to do so.

For the foregoing reasons, the Library Defendants request the Court extend the time in which to file the attached supplemental exhibit to their Motion to Dismiss.

                                          NELSON MULLINS RILEY & SCARBOROUGH LLP

                                          By: /s/ Miles E. Coleman
                                              Miles E. Coleman (Fed. Bar No. 11594)
                                              E-Mail: miles.coleman@nelsonmullins.com
                                              2 W. Washington Street / Suite 400
                                              Greenville, SC 29601
                                              (864) 373-2300

WILSON JONES CARTER & BAXLEY
Charles F. Turner, Jr. (Fed. ID No. 05849)
E-Mail: cfturner@wjcblaw.com
J. Nathan Ozmint (Fed. ID No. 14360)
E-Mail: jnozmint@wjcblaw.com
John P. "Jack" Riordan (Fed. ID No. 07314)
E-Mail: jpriordan@wjcblaw.com
325 Rocky Slope Rd., Suite 201
Greenville, South Carolina 29607
(864) 672-3711

*Attorney for the Greenville County Library System, Beverly James, in her official capacity as Executive Director of the Greenville County Library System, and Karen Allen, in her official capacity as Youth Services Manager of the Greenville County Library System*

Greenville, South Carolina
February 13, 2026