**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| O.R., by and through his parents, Cheryl Rogers and Greg Rogers, on behalf of himself and those similarly situated; <br><br> Cheryl Rogers; Greg Rogers; <br><br> E.G., by and through her mother, Amber Galea, on behalf of herself and those similarly situated; <br><br> M.G by and through her mother, Amber Galea; and W.M., by and through his mother, Kersey Clark, <br><br>            Plaintiffs, <br><br> v. <br><br> Greenville County, South Carolina; <br><br> Greenville County Library System; <br><br> Beverly James, in her official capacity as Executive Director of the Greenville County Library System; and <br><br> Karen Allen, in her official capacity as Youth Services Manager of the Greenville County Library System, <br><br>            Defendants. | C/A No.: 6:25-CV-02599-DCC <br><br><br> DEFENDANTS GREENVILLE COUNTY LIBRARY SYSTEM, BEVERLY JAMES, AND KAREN ALLEN'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT <br><br> (JURY TRIAL REQUESTED) |

The above-named Defendants, Greenville County Library System, Beverly James and Karen Allen, above-named, answering the Amended Complaint of the Plaintiffs herein, and specifically denying each allegation and claim not expressly admitted herein, would respectfully show unto this Honorable Court that:

**FOR A FIRST DEFENSE**

1.     These Defendants deny as stated the allegations contained in Paragraph One of the Plaintiffs' Amended Complaint.

2.     As to the allegations contained in Paragraph Two of the Plaintiffs' Amended

Complaint, these Defendants deny these allegations as stated and would further show that all policies of the Greenville County Library System speak for themselves.

3.    These Defendants deny the allegations contained in Paragraph Three of the Plaintiffs' Amended Complaint as stated. Further, any votes taken by library system board members speak for themselves.

4.    These Defendants deny the allegations contained in Paragraph Four of the Plaintiffs' Amended Complaint as stated.

5.    These Defendants deny the allegations contained in Paragraph Five of the Plaintiffs' Amended Complaint as stated.

6.    In as much as the allegations contained in Paragraph Six of the Plaintiffs' Amended Complaint attempt to restate reporting by the Greenville News, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any reporting by the Greenville News speaks for itself. To the extent Paragraph Six of the Amended Complaint alleges or implies any wrongdoing by these Defendants, such implications or allegations are denied.

7.    As to the allegations contained in Paragraph Seven of the Plaintiffs' Amended Complaint, these Defendants deny that its policies and actions violate the United States Constitution. Further, these Defendants assert that to the extent the Plaintiffs' allegations in Paragraph Seven attempt to restate applicable case law, these Defendants neither admit nor deny same but demand strict proof thereof.

8.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Eight of the Plaintiffs' Amended Complaint

and therefore deny same. Further, these Defendants deny that they are discriminating against the Plaintiffs on the basis of any animus and that any actions taken by these Defendants violate any of the Plaintiffs' rights under the United States Constitution.

9. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Nine of the Plaintiffs' Amended Complaint and therefore deny same.

10. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Ten of the Plaintiffs' Amended Complaint and therefore deny same.

11. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Eleven of the Plaintiffs' Amended Complaint and therefore deny same.

12. Upon information and belief, these Defendants admit the allegations contained in Paragraph Twelve of the Plaintiffs' Amended Complaint.

13. As to the allegations contained in Paragraph Thirteen of the Plaintiffs' Amended Complaint, these Defendants specifically admit that Greenville County operates a public library system known as the Greenville County Library System as a functional part of Greenville County government; however, these Defendants deny the remaining allegations contained in Paragraph Thirteen of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

14. In as much as the allegations contained in Paragraph Fourteen of the Plaintiffs' Amended Complaint state legal conclusions and/or verbatim excerpts from South

Carolina statutes, these Defendants neither admit nor deny same but demand strict proof thereof.

15. As to the allegations contained in Paragraph Fifteen of the Plaintiffs' Amended Complaint these Defendants specifically admit that the Greenville County Library System is established and operated by Greenville County and managed by a board of trustees appointed by Greenville County Council; however, these Defendants deny the remaining allegations contained in Paragraph Fifteen of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

16. These Defendants admit the allegations contained in Paragraph Sixteen of the Plaintiffs' Amended Complaint.

17. In as much as the allegations contained in Paragraph Seventeen of the Plaintiffs' Amended Complaint attempt to state legal conclusions and/or contents of South Carolina statutes, these Defendants neither admit nor deny same but demand strict proof thereof.

18. In as much as Paragraph Eighteen of the Plaintiffs' Amended Complaint attempts to restate the contents of Greenville Library policy, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert all Greenville County Library System policies speak for themselves.

19. As to the allegations contained in Paragraph Nineteen of the Plaintiffs' Amended Complaint, these Defendants specifically admit that Defendant Beverly James is Executive Director at the Greenville County Library System; however, in as much as the remaining allegations contained in Paragraph Nineteen of the Plaintiffs' Amended Complaint attempts to restate Greenville County Library System policy,

these Defendants neither admit nor deny same but demand strict proof thereof.

20.     As to the allegations contained in Paragraph Twenty of the Plaintiffs' Amended Complaint, these Defendants specifically admit only that Karen Allen was, at the time the initial Complaint was filed, the Youth Services Manager of the Greenville County Library System; however, she has since retired, and the allegations in Paragraph Twenty of the Amended Complaint are, therefore, denied. Further, these Defendants deny the remaining allegations contained in Paragraph Twenty of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

21.     In as much as the allegations contained in Paragraph Twenty-One of the Plaintiffs' Amended Complaint alleges jurisdiction, these Defendants neither admit nor deny same but demand strict proof thereof.

22.     In as much as the allegations contained in Paragraph Twenty-Two of the Plaintiffs' Amended Complaint alleges venue, these Defendants neither admit nor deny same but demand strict proof thereof.

23.     In as much as the allegations contained in Paragraph Twenty-Three of the Plaintiffs' Amended Complaint relate to venue, these Defendants neither admit nor deny same but demand strict proof thereof.

24.     In as much as the allegations contained in Paragraph Twenty-Four of the Plaintiffs' Amended Complaint state a legal conclusion and/or contents of South Carolina statutes, these Defendants neither admit nor deny same but demand strict proof thereof. As to the remaining allegations contained in Paragraph Twenty-Four of the Plaintiffs' Amended Complaint, these Defendants specifically admit that

Greenville County is the most populous county in the State of South Carolina; however, these Defendants deny the remaining allegations contained in Paragraph Twenty-Four of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions.

25. These Defendants admit the allegations contained in Paragraph Twenty-Five of the Plaintiffs' Amended Complaint.

26. In as much as the allegations contained in Paragraph Twenty-Six of the Plaintiffs' Amended Complaint attempt to summarize and state the published mission of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that any published mission of the Greenville County Library System on its website speaks for itself.

27. In as much as the allegations contained in Paragraph Twenty-Seven of the Plaintiffs' Amended Complaint attempt to restate policies of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any policies of the Greenville County Library System speak for themselves.

28. In as much as the allegations contained in Paragraph Twenty-Eight of the Plaintiffs' Amended Complaint attempt to restate policies of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any policies of the Greenville County Library System speak for themselves.

29. In as much as the allegations contained in Paragraph Twenty-Nine of the Plaintiffs' Amended Complaint attempt to restate policies of the Greenville County Library

System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any policies of the Greenville County Library System speak for themselves.

30. In as much as the allegations contained in Paragraph Thirty of the Plaintiffs' Amended Complaint attempt to restate policies of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any policies of the Greenville County Library System speak for themselves.

31. In as much as the allegations contained in Paragraph Thirty-One of the Plaintiffs' Amended Complaint attempt to restate policies of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any policies of the Greenville County Library System speak for themselves.

32. In as much as the allegations contained in Paragraph Thirty-Two of the Plaintiffs' Amended Complaint attempt to restate policies of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any policies of the Greenville County Library System speak for themselves.

33. In as much as the allegations contained in Paragraph Thirty-Three of the Plaintiffs' Amended Complaint attempt to restate policies of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that any policies of the Greenville County Library System speak for themselves.

34. In as much as the allegations contained in Paragraph Thirty-Four of the Plaintiffs' Amended Complaint attempt to restate American Library Association philosophies and policies, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that the American Library Association policies and principles speak for themselves.

35. In as much as the allegations contained in Paragraph Thirty-Five of the Plaintiffs' Amended Complaint attempt to restate American Library Association philosophies and policies, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that the American Library Association policies and principles speak for themselves.

36. These Defendants deny the allegations contained in Paragraph Thirty-Six of the Plaintiffs' Amended Complaint as stated.

37. These Defendants deny the allegations contained in Paragraph Thirty-Six of the Plaintiffs' Amended Complaint as stated.

38. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Thirty-Eight of the Plaintiffs' Amended Complaint and therefore deny same.

39. In as much as the allegations contained in Paragraph Thirty-Nine of the Plaintiffs' Amended Complaint attempt to restate library policies, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would assert that library policies speak for themselves.

40. To the extent that Paragraph Forty of the Plaintiffs' Amended Complaint purports to quote from a "Reconsideration Form," that form, to the extent it exists, speaks

8

for itself, and these Defendants neither admit nor deny same but demand strict proof thereof. To the extent that further Answer is required, these Defendants deny the allegations of this paragraph.

41. In as much as the allegations contained in Paragraph Forty-One of the Plaintiffs' Amended Complaint, attempts to restate library regulations and/or policies, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that any policies or regulations of the library system speak for themselves.

42. To the extent that Paragraph Forty-Two of the Plaintiffs' Amended Complaint purports to quote from a letter, that letter, to the extent it exists, speaks for itself, and these Defendants neither admit nor deny same but demand strict proof thereof. To the extent that any further response is required, these Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Two of the Plaintiffs' Amended Complaint and therefore deny same.

43. To the extent that Paragraph Forty-Three of the Plaintiffs' Amended Complaint purports to quote from an unidentified document, that document, to the extent it exists, speaks for itself, and these Defendants neither admit nor deny same but demand strict proof thereof. To the extent that any further response is required, these Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Three of the Plaintiffs' Amended Complaint and therefore deny same.

44. These Defendants admit the allegations contained in Paragraph Forty-Four of the

Plaintiffs' Amended Complaint.

45.     In as much as the allegations contained in Paragraph Forty-Five of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

46.     In as much as the allegations contained in Paragraph Forty-Six of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

47.     In as much as the allegations contained in Paragraph Forty-Seven of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

48.     These Defendants deny the allegations contained in Paragraph Forty-Eight of the Plaintiffs' Amended Complaint.

49.     In as much as the allegations contained in Paragraph Forty-Nine of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

50.    In as much as the allegations contained in Paragraph Fifty of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

51.    In as much as the allegations contained in Paragraph Fifty-One of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves. These Defendants further deny the description or characterization of the "PEC section" contained in Paragraph Fifty-One of the Plaintiffs' Amended Complaint.

52.    In as much as the allegations contained in Paragraph Fifty-Two of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves. These Defendants further deny the description or characterization of the "adult section" contained in Paragraph Fifty-Two of the Plaintiffs' Amended Complaint.

53.    In as much as the allegations contained in Paragraph Fifty-Three of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak

11

for themselves.

54.    In as much as the allegations contained in Paragraph Fifty-Four of the Plaintiffs' Amended Complaint attempt to summarize and/or state library policy, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants would show that library policies speak for themselves.

55.    In as much as the allegations contained in Paragraph Fifty-Five of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

56.    In as much as the allegations contained in Paragraph Fifty-Six of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

57.    In as much as the allegations contained in Paragraph Fifty-Seven of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

58.    In as much as the allegations contained in Paragraph Fifty-Eight of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand

12

strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

59.   In as much as the allegations contained in Paragraph Fifty-Nine of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

60.   These Defendants lack information sufficient to admit or deny the allegation that Brian Aufmuth's attendance at the meeting was telephonic, but these Defendants admit the other allegations contained in Paragraph Sixty of the Plaintiffs' Amended Complaint.

61.   In as much as the allegations contained in Paragraph Sixty-One of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

62.   In as much as the allegations contained in Paragraph Sixty-Two of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

63.   In as much as the allegations contained in Paragraph Sixty-Three of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials

committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

64. In as much as the allegations contained in Paragraph Sixty-Four of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

65. In as much as the allegations contained in Paragraph Sixty-Five of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

66. In as much as the allegations contained in Paragraph Sixty-Six of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

67. In as much as the allegations contained in Paragraph Sixty-Seven of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

68. In as much as the allegations contained in Paragraph Sixty-Eight of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

69. In as much as the allegations contained in Paragraph Sixty-Nine of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

70. In as much as the allegations contained in Paragraph Seventy of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

71. In as much as the allegations contained in Paragraph Seventy-One of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

72. These Defendants deny the allegations contained in Paragraph Seventy-Two of the Plaintiffs' Amended Complaint. The Greenville Library has 13 physical locations.

73. In as much as the allegations contained in Paragraph Seventy-Three of the

Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

74. In as much as the allegations contained in Paragraph Seventy-Four of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

75. In as much as the allegations contained in Paragraph Seventy-Five of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

76. In as much as the allegations contained in Paragraph Seventy-Six of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

77. In as much as the allegations contained in Paragraph Seventy-Seven of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee

recordings speak for themselves.

78. In as much as the allegations contained in Paragraph Seventy-Eight of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

79. To the extent that the allegations contained in Paragraph Seventy-Nine of the Plaintiffs' Amended Complaint attempt to restate written proposals, minute notes, or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any written proposals, meeting notes, and/or committee recordings speak for themselves.

80. To the extent that the allegations contained in Paragraph Eighty of the Plaintiffs' Amended Complaint attempt to extrapolate from or summarize information contained minute notes or recordings of committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes, and/or committee recordings speak for themselves.

81. These Defendants admit the allegations contained in Paragraph Eighty-One of the Plaintiffs' Amended Complaint.

82. In as much as the allegations contained in Paragraph Eighty-Two of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

83. In as much as the allegations contained in Paragraph Eighty-Three of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

84. In as much as the allegations contained in Paragraph Eighty-Four of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

85. In as much as the allegations contained in Paragraph Eighty-Five of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

86. In as much as the allegations contained in Paragraph Eighty-Six of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

87. In as much as the allegations contained in Paragraph Eighty-Seven of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand

18

strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

88. In as much as the allegations contained in Paragraph Eighty-Eight of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

89. In as much as the allegations contained in Paragraph Eighty-Nine of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

90. In as much as the allegations contained in Paragraph Ninety of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

91. In as much as the allegations contained in Paragraph Ninety-One of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

92. In as much as the allegations contained in Paragraph Ninety-Two of the Plaintiffs'

Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

93. These Defendants lack sufficient information to admit or deny the specific vote count and the identity of which Board members voted for or against the motion, but they otherwise admit the allegations contained in Paragraph Ninety-Three of the Plaintiffs' Amended Complaint.

94. In as much as the allegations contained in Paragraph Ninety-Four of the Plaintiffs' Amended Complaint attempt to restate minute notes or recordings of materials committee meetings, these Defendants neither admit nor deny same but demand strict proof thereof. Further, any meeting notes and/or committee recordings speak for themselves.

95. These Defendants admit the allegations contained in Paragraph Ninety-Five of the Plaintiffs' Amended Complaint.

96. These Defendants deny the allegations contained in Paragraph Ninety-Six of the Plaintiffs' Amended Complaint as stated.

97. These Defendants deny the allegations contained in Paragraph Ninety-Seven of the Plaintiff's Amended Complaint.

98. These Defendants deny the allegations contained in Paragraph Ninety-Eight of the Plaintiffs' Amended Complaint.

99. These Defendants admit the allegations contained in Paragraph Ninety-Nine of the Plaintiffs' Amended Complaint.

100. These Defendants deny the allegations contained in Paragraph One Hundred of the Plaintiffs' Amended Complaint.

101. These Defendants deny the allegations contained in Paragraph One Hundred One of the Plaintiffs' Amended Complaint.

102. As to the allegations contained in Paragraph One Hundred Two of the Plaintiffs' Amended Complaint, these Defendants specifically admit that the library does on occasion remove books from the library system for various reasons; however, these Defendants deny the remaining allegations contained in Paragraph One Hundred Two of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions. To the extent Paragraph One Hundred Two of the Amended Complaint alleges or implies any wrongdoing by these Defendants, such implications or allegations are expressly denied.

103. As to the allegations contained in Paragraph One Hundred Three of the Plaintiffs' Amended Complaint, these Defendants specifically admit that the library does on occasion remove books from the library system for various reasons; however, these Defendants deny the remaining allegations contained in Paragraph One Hundred Three of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions. To the extent Paragraph One Hundred Three of the Amended Complaint alleges or implies any wrongdoing by these Defendants, such implications or allegations are expressly denied.

104. As to the allegations contained in Paragraph One Hundred Four of the Plaintiffs' Amended Complaint, these Defendants specifically admit that the library does on occasion remove books from the library system for various reasons; however, these

21

Defendants deny the remaining allegations contained in Paragraph One Hundred Four of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions. To the extent Paragraph One Hundred Four of the Amended Complaint alleges or implies any wrongdoing by these Defendants, such implications or allegations are expressly denied.

105. As to the allegations contained in Paragraph One Hundred Five of the Plaintiffs' Amended Complaint, these Defendants specifically admit that the library does on occasion remove books from the library system for various reasons; however, these Defendants deny the remaining allegations contained in Paragraph One Hundred Five of the Plaintiffs' Amended Complaint which are in addition to or inconsistent with these admissions. To the extent Paragraph One Hundred Five of the Amended Complaint alleges or implies any wrongdoing by these Defendants, such implications or allegations are expressly denied.

106. These Defendants deny the allegations contained in Paragraph One Hundred Six of the Plaintiffs' Amended Complaint.

107. These Defendants deny the allegations contained in Paragraph One Hundred Seven of the Plaintiffs' Amended Complaint.

108. These Defendants deny the allegations contained in Paragraph One Hundred Eight of the Plaintiffs' Amended Complaint.

109. These Defendants deny the allegations contained in Paragraph One Hundred Nine of the Plaintiffs' Amended Complaint.

110. These Defendants deny the allegations contained in Paragraph One Hundred Ten of the Plaintiffs' Amended Complaint as stated.

111. These Defendants deny the allegations contained in Paragraph One Hundred Eleven of the Plaintiffs' Amended Complaint as stated.

112. These Defendants deny the allegations contained in Paragraph One Hundred Twelve of the Plaintiffs' Amended Complaint as stated.

113. These Defendants deny the allegations contained in Paragraph One Hundred Thirteen of the Plaintiffs' Amended Complaint as stated.

114. In as much as the allegations contained in Paragraph One Hundred Fourteen, of the Plaintiffs' Amended Complaint attempts to restate and/or summarize policies of the Greenville County Library System, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that said policies speak for themselves.

115. In as much as the allegations contained in Paragraph One Hundred Fifteen of the Plaintiffs' Amended Complaint attempt to restate reporting by the Greenville News, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that the reporting by the Greenville News speaks for itself.

116. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Sixteen of the Plaintiffs' Amended Complaint and therefore deny same.

117. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Seventeen of the Plaintiffs' Amended Complaint and therefore deny same.

118. These Defendants lack sufficient knowledge and information to form a belief as to

23

the allegations contained in Paragraph One Hundred Eighteen of the Plaintiffs' Amended Complaint and therefore deny same.

119.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Nineteen of the Plaintiffs' Amended Complaint and therefore deny same.

120.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty of the Plaintiffs' Amended Complaint and therefore deny same.

121.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-One of the Plaintiffs' Amended Complaint and therefore deny same.

122.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-Two of the Plaintiffs' Amended Complaint and therefore deny same.

123.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-Three of the Plaintiffs' Amended Complaint and therefore deny same.

124.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-Four of the Plaintiffs' Amended Complaint and therefore deny same.

125.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-Five of the Plaintiffs' Amended Complaint and therefore deny same.

126.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-Six of the Plaintiffs' Amended Complaint and therefore deny same.

127.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in the first clause of Paragraph One Hundred Twenty-Seven of the Plaintiffs' Amended Complaint and therefore deny same. These Defendants further note that there is no library card called a "young adult card," and therefore deny the allegations of this paragraph.

128.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-Eight of the Plaintiffs' Amended Complaint and therefore deny same.

129.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Twenty-Nine of the Plaintiffs' Amended Complaint and therefore deny same.

130.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty of the Plaintiffs' Amended Complaint and therefore deny same.

131.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-One of the Plaintiffs' Amended Complaint and therefore deny same.

132.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-Two of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of

Paragraph One Hundred Thirty-Two of the Plaintiffs' Amended Complaint allege that O.R. has suffered an injury, these Defendants specifically deny same.

133. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-Three of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of Paragraph One Hundred Thirty-Three of the Plaintiffs' Amended Complaint allege that O.R. has suffered an injury, these Defendants specifically deny same.

134. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-Four of the Plaintiffs' Amended Complaint and therefore deny same.

135. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-Five of the Plaintiffs' Amended Complaint and therefore deny same.

136. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-Six of the Plaintiffs' Amended Complaint and therefore deny same.

137. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-Seven of the Plaintiffs' Amended Complaint and therefore deny same.

138. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Thirty-Eight of the Plaintiffs' Amended Complaint and therefore deny same.

139. These Defendants lack sufficient knowledge and information to form a belief as to

the allegations contained in Paragraph One Hundred Thirty-Nine of the Plaintiffs' Amended Complaint and therefore deny same.

140. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of Paragraph One Hundred Forty of the Plaintiffs' Amended Complaint allege that E.G. has suffered an injury, these Defendants specifically deny same.

141. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-One of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of Paragraph One Hundred Forty-One of the Plaintiffs' Amended Complaint allege that M.G. has suffered an injury, these Defendants specifically deny same.

142. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Two of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of Paragraph One Hundred Forty-Two of the Plaintiffs' Amended Complaint allege that Ms. Galea has suffered an injury, these Defendants specifically deny same.

143. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Three of the Plaintiffs' Amended Complaint and therefore deny same.

144. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Four of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of

27

Paragraph One Hundred Forty-Four of the Plaintiffs' Amended Complaint allege that Ms. Galea has suffered an injury, these Defendants specifically deny same.

145. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Five of the Plaintiffs' Amended Complaint and therefore deny same.

146. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Six of the Plaintiffs' Amended Complaint and therefore deny same.

147. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Seven of the Plaintiffs' Amended Complaint and therefore deny same.

148. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Eight of the Plaintiffs' Amended Complaint and therefore deny same.

149. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Forty-Nine of the Plaintiffs' Amended Complaint and therefore deny same.

150. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph One Hundred Fifty of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of Paragraph One Hundred Fifty of the Plaintiffs' Amended Complaint allege that W.M. has suffered an injury, these Defendants specifically deny same.

151. These Defendants lack sufficient knowledge and information to form a belief as to

28

the allegations contained in Paragraph One Hundred Fifty-One of the Plaintiffs' Amended Complaint and therefore deny same. To the extent that the allegations of Paragraph One Hundred Fifty-One of the Plaintiffs' Amended Complaint allege that W.M. or Ms. Clark have suffered an injury, these Defendants specifically deny same.

152.	These Defendants deny the allegations contained in Paragraph One Hundred Fifty-Two of the Plaintiffs' Amended Complaint.

153.	These Defendants lack sufficient knowledge and information to form a belief as to some of the allegations contained in Paragraph One Hundred Fifty-Three of the Plaintiffs' Amended Complaint and therefore deny same. Further, these Defendants also deny the remaining allegations contained in Paragraph One Hundred Fifty-Three of the Plaintiffs' Amended Complaint.

154.	These Defendants deny the allegations contained in Paragraph One Hundred Fifty-Four of the Plaintiffs' Amended Complaint.

155.	These Defendants deny the allegations contained in Paragraph One Hundred Fifty-Five of the Plaintiffs' Amended Complaint.

156.	These Defendants deny the allegations contained in Paragraph One Hundred Fifty-Six of the Plaintiffs' Amended Complaint.

157.	These Defendants lack sufficient knowledge and information to form a belief as to some of the allegations contained in Paragraph One Hundred Fifty-Seven of the Plaintiffs' Amended Complaint and therefore deny same. Further, these Defendants also deny the remaining allegations contained in Paragraph One Hundred Fifty-Seven of the Plaintiffs' Amended Complaint.

158. These Defendants deny the allegations contained in Paragraph One Hundred Fifty-Eight of the Plaintiffs' Amended Complaint.

159. These Defendants deny the allegations contained in Paragraph One Hundred Fifty-Nine of the Plaintiffs' Amended Complaint.

160. These Defendants deny the allegations contained in Paragraph One Hundred Sixty of the Plaintiffs' Amended Complaint.

161. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph One Hundred Sixty-One of the Plaintiffs' Amended Complaint and therefore deny them.

162. These Defendants reallege and reiterate each and every response set forth above, and not inconsistent herewith, as if fully repeated herein.

163. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Sixty-Three of the Plaintiffs' Amended Complaint.

164. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Sixty-Four of the Plaintiffs' Amended Complaint.

165. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Sixty-Five of the Plaintiffs' Amended Complaint.

166. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Sixty-Six of the Plaintiffs' Amended Complaint.

167. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Sixty-Seven of the Plaintiffs' Amended Complaint.

168. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Sixty-Eight of the Plaintiffs' Amended Complaint.

169. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Sixty-Nine of the Plaintiffs' Amended Complaint.

170. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy of the Plaintiffs' Amended Complaint.

171. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-One of the Plaintiffs' Amended Complaint.

172. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Two of the Plaintiffs' Amended Complaint.

173. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Three of the Plaintiffs' Amended Complaint.

174. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Four of the Plaintiffs' Amended Complaint.

175. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Five of the Plaintiffs' Amended Complaint.

176. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Six of the Plaintiffs' Amended Complaint.

177. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Seven of the Plaintiffs' Amended Complaint.

178. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Eight of the Plaintiffs' Amended Complaint.

179. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Seventy-Nine of the Plaintiffs' Amended Complaint.

180. These Defendants deny the allegations, claims, and assertions contained in

Paragraph One Hundred Eighty of the Plaintiffs' Amended Complaint.

181. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Eighty-One of the Plaintiffs' Amended Complaint.

182. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Eighty-Two of the Plaintiffs' Amended Complaint.

183. These Defendants deny the allegations, claims, and assertions contained in Paragraph One Hundred Eighty-Three of the Plaintiffs' Amended Complaint.

184. These Defendants deny that any right or entitlement to or the permissibility of any of the relief requested in the Request for Relief of the Plaintiffs' Amended Complaint, including but not limited to class certification, declaratory relief, injunctive relief, nominal damages, costs and attorneys' fees, or any other type or form of relief.

## FOR A SECOND DEFENSE

185. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

186. These Defendants allege that the Amended Complaint of the Plaintiffs fails to state a claim against them and, therefore the Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

187. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

188. These Defendants assert sovereign immunity as an affirmative defense to Plaintiffs' Amended Complaint; therefore, the Plaintiffs' Amended Complaint should be

32

dismissed.

## FOR A FOURTH DEFENSE

189.   Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

190.   These Defendants hereby assert that they are entitled to qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and therefore, the Plaintiffs' Amended Complaint should be dismissed.

## FOR A FIFTH DEFENSE

191.   Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

192.   These Defendants are not "persons" for purposes of liability under 42 U.S.C. § 1983, and therefore the Plaintiffs' Amended Complaint should be dismissed.

## FOR A SIXTH DEFENSE

193.   Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

194.   These Defendants assert all immunities under the 11th Amendment of the United States Constitution; therefore, the Plaintiffs' Amended Complaint should be dismissed.

## FOR A SEVENTH DEFENSE

195.   Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

196.   These Defendants assert that the Amended Complaint of the Plaintiffs fails to state a constitutional injury that is traceable to their conduct or redressable by the court, nor

does the Amended Complaint allege or claim a violation or deprivation of any cognizable right, and, therefore, the Plaintiffs' Amended Complaint should be dismissed for lack of standing or lack of subject matter jurisdiction under Rule 12 of the Federal Rules of Civil Procedure.

### FOR AN EIGHTH DEFENSE

197. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

198. These Defendants would show that in regard to the allegations of wrongdoing in their official capacity, such actions were taken in good faith, within the scope of their official duties, without intention of harm or deliberate indifference to any constitutional rights of the Plaintiffs, which good faith is a bar to one or more of the Plaintiffs' causes of action against these Defendants. Therefore, the Plaintiffs' Amended Complaint should be dismissed.

### FOR A NINTH DEFENSE

199. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

200. Defendants plead and assert all rights and defenses available to them under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*.

### FOR A TENTH DEFENSE

201. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

202. Defendants assert that they were not deliberately indifferent to any rights of the Plaintiffs.

## FOR AN ELEVENTH DEFENSE

203. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

204. Defendants assert that the actions taken by Defendants as alleged in Plaintiff's Amended Complaint were taken pursuant to objective, legitimate and constitutional considerations, rather than in opposition to or disagreement with the ideas contained therein.

## FOR A TWELFTH DEFENSE

205. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

206. Defendants assert that a desire to deny library users access to objectionable ideas was neither the single decisive motivation nor a substantial motivation for the actions taken by Defendants as alleged in Plaintiff's Amended Complaint.

## FOR A THIRTEENTH DEFENSE

207. Defendants adopt and reallege each and every response and defense set forth above, and not inconsistent herewith, as if fully repeated herein.

208. Defendants assert that at all times relevant to the Amended Complaint, Defendants discharged their discretionary functions within the limits and constraints of the First Amendment.

WHEREFORE, these Defendants above-named, having answered the Amended Complaint of the Plaintiffs herein, respectfully requests the Court to dismiss the Plaintiffs' Amended Complaint, for costs in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,


/s/ Miles E. Coleman
Miles E. Coleman (Fed. I.D. 11594)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
2 West Washington Street, Suite 400
Greenville, SC 29601
Telephone: (864) 373-2300
Email: miles.coleman@nelsonmullins.com



/s/ Charles F. Turner
Charles F. Turner, Jr. (Fed. I.D. # 05849)
J. Nathan Ozmint (Fed. I.D. 14360)
John P. Riordan (Fed. I.D. 07314)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfurner@wjcblaw.com
        jnozmint@wjcblaw.com
        jpriordan@wjcblaw.com



*Attorneys for the Greenville County Library System, Beverly James, in her official capacity as Executive Director of the Greenville County Library System, and Karen Allen, in her official capacity as Youth Services Manager of the Greenville County Library System*

Greenville, South Carolina
April 2, 2026

36