**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **O.R.**, by and through his parents, Cheryl Rogers and Greg Rogers; **CHERYL ROGERS**; **GREG ROGERS**; **E.G.** and **M.G.**, by and through their mother, Amber Galea; **W.M.**, by and through his mother, Kersey Clark; and **K.B.**, by and through their mother, Beatrice Boe, O.R., <br><br> *Plaintiffs*, <br><br> v. <br><br> **BEVERLEY JAMES**, in her official capacity as Executive Director of the Greenville County Library System; **KAREN ALLEN**, in her official capacity as Youth Services Manager of the Greenville County Library System, **GREENVILLE COUNTY LIBRARY SYSTEM**, <br><br> *Defendants*. | Case No. 6:25-cv-02599-DCC |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**LIBRARY DEFENDANTS' MOTION FOR RECONSIDERATION**

Library Defendants ask this Court to reconsider its Order denying their motion to dismiss

Plaintiffs' Equal Protection claims. As grounds, Library Defendants rely exclusively on the

1

Fourth Circuit's decision in *Anderson v. Crouch*, 169 F.4th 474 (4th Cir. 2026). *See* Defs. Mot. at 12-14. The motion for reconsideration should be denied.

"A motion to reconsider an interlocutory order is not an appropriate vehicle to rehash arguments already considered by the court because the movant is displeased with the outcome." *Glytec LLC v. Prisma Health*, No. 6:25-CV-03211-DCC, 2026 WL 884492, at *4 (D.S.C. Mar. 31, 2026). Rather, "reconsideration under Rule 54(b) is appropriate" only "(1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* at *3 (quoting *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017)).

The Fourth Circuit's decision in *Anderson* does not reflect a change in controlling law. *Anderson* analyzed whether West Virginia's decision to exclude surgery to treat gender dysphoria from Medicaid coverage violated the Equal Protection Clause and § 1557 of the Affordable Care Act. 169 F.4th at 481. Applying *Skrmetti*, the court held that the exclusion did not facially classify based on sex or transgender status, but rather classified "based on medical diagnosis." *Id.* at 486. *See also id.* at 486 n.9. The medical context of that regulation, as in *Skrmetti*, was key to the finding that "rational, nondiscriminatory reasons" existed for it; namely, "cost and concerns about medical efficacy and necessity." *Id.* at 484, 491.

This case is far different. Library Defendants argue that the Written and Unwritten Policies do not classify based on sex or transgender status. *See* Library Defendants' Motion to Dismiss ECF No. 20, at 31-32. But unlike in *Anderson* (or *Skrmetti*), Library Defendants offer no alternative basis for classification. Thus, *Anderson* provides no help. Nor does *Anderson* disturb this Court's correct determination that the Written and Unwritten Policies lack even "a rational basis for their alleged discriminatory conduct." *Id.* at 34. Contrary to Library Defendants' continued insistence that the policies were instated "to acknowledge and defer to the fundamental constitutional right of parents to direct the upbringing and education of their children," Defs. Mot. at 14, this Court correctly held that this asserted interest was not rational or

2

legitimate, because the policies in fact "took the constitutionally protected decisions on how to raise children away from parents[.]" ECF No. 44 at 34.

Library Defendants' arguments for reconsideration "are simply a rehashing of arguments the Court has already considered where Defendant disagreed with the outcome." *Glytec*, 2026 WL 884492, at *5. As a result, their request for reconsideration should be denied.

Dated: May 13, 2026

Respectfully submitted,

**ACLU OF SOUTH CAROLINA**

*/s/ Allen Chaney*
Allen Chaney, Fed. ID No. 13181
Samuel Kennedy*
P.O. Box 1668
Columbia, SC 29202
T: (864) 372-6881
E: achaney@aclusc.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Shana Knizhnik  (*pro hac vice*)
125 Broad Street, Floor 18
New York, NY 10004
T: (212) 549-2500
E: sknizhnik@aclu.org

*\* Application for Admission Forthcoming*