IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| O.R., by and through his parents, Cheryl Rogers and Greg Rogers, on behalf of himself and those similarly situated; | ) ) ) ) | No. 6:25-cv-02599-DCC |
| CHERYL ROGERS; | ) ) | |
| GREG ROGERS; | ) ) | |
| E.G., by and through her mother, Amber Galea, on behalf of herself and those similarly situated; | ) ) ) | |
| M.G., by and through her mother, Amber Galea; and | ) ) ) | |
| W.M., by and through his mother, Kersey Clark, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| GREENVILLE COUNTY, SOUTH CAROLINA; | ) ) | |
| BEVERLY JAMES, in her official capacity as Executive Director of the Greenville County Library System; | ) ) ) ) | |
| KAREN ALLEN, in her official capacity as Youth Services Manager of the Greenville County Library System, and | ) ) ) ) | |
| GREENVILLE COUNTY LIBRARY SYSTEM, | ) ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Beverly James, Karen Allen, and

Greenville County Library System's (the "Library") (collectively, the "Library Defendants") Motion to Certify for Interlocutory Appeal or, Alternatively, to Reconsider or Stay and Defendant Greenville County's (the "County") Motion for Reconsideration and/or Clarification.  ECF Nos. 47, 48.  For the reasons set forth below, the Library Defendants' Motion is granted as to the primary relief sought and denied as moot as to the alternative relief sought, and the County's Motion is granted.

## II.  APPLICABLE LAW

### A.  Certificate of Appeal under 28 U.S.C. § 1292

"[28 U.S.C. §] 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals."  *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)).  Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal may be sought for an order that is not otherwise appealable when the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  As such, a district court may certify an order for interlocutory appeal when: "1) such order involves a controlling question of law, 2) as to which there is substantial ground for difference of opinion, and 3) an immediate appeal from that order may materially advance the ultimate termination of the litigation."  *Mun. Ass'n of S.C. v. Serv. Ins. Co., Inc.*, 2011 WL 13253448, at *3 (D.S.C. Sept. 21, 2011) (internal quotations omitted).  All three requirements must be met.  *Id.*

2

## B. Reconsideration under Rule 54

Any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Fourth Circuit has held that that motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [Fourth Circuit's] views on the interplay of Rules 60, 59, and Rule 54"). In deciding these motions, district courts have looked to the standards of motions under Rule 59 for guidance. *Sanders v. Lowe's Home Ctrs, LLC*, C.A. No. 0:15-cv-02313-JMC, 2016 WL 5920840, at *2 (D.S.C. Oct. 11, 2016). "Therefore, reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice."[1] *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).

---

[1] Courts in this district have recognized that:

> The Fourth Circuit has suggested that the law of the case doctrine has evolved as a means of guiding a district court's discretion in deciding a Rule 54(b) motion for reconsideration of an interlocutory order. *Am. Canoe Ass'n*, 326 F.3d at 515. Under the law of the case doctrine, an earlier decision of the court becomes the law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner–Lambert Co., Inc.,* 845 F.2d 66, 69 (4th Cir.

3

A motion to reconsider an interlocutory order is not an appropriate vehicle to rehash arguments already considered by the court because the movant is displeased with the outcome.  *See Ashmore v. Williams*, 8:15-cv-03633-JMC, 2017 WL 24255, at \*3; *Sanders v. Wal-Mart Stores E.*, No. 1:14-cv-03509-JMC, 2016 WL 6068021, at \*3 (D.S.C. Oct. 17, 2016).  Nor may a movant raise new arguments or evidence that could have been raised previously.  *See Nationwide Mut. Fire Ins. Co. v. Superior Solution, LLC*, No. 2:16-cv-423-PMD, 2016 WL 6648705, at \*2 (D.S.C. Nov. 10, 2016); *Regan v. City of Charleston*, 40 F.Supp.3d 698, 701 (D.S.C. 2014).  In assessing a motion under Rule 54(b), these standards are not as strictly applied as they would be if the order were a final judgment and reconsideration were sought under Rule 59(e).  *Am. Canoe Ass'n*, 326 F.3d at 514–15.

### III.  BACKGROUND

This action arises out of dispute over the constitutionality of policies implemented by the Library Defendants.  *See* ECF No. 5.  On June 27, 2025, the Library Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint.  ECF No. 20.  On March 19,

---

1988) (internal quotation marks omitted), *cited with approval in Am. Canoe Ass'n*, 326 F.3d at 515. This court notes that the three reasons for overcoming the law of the case doctrine mirror the three reasons for granting relief under Rule 59(e). *See United States v. Duke Energy Corp.*, No. 1:00cv1262, 2014 WL 4659479, at \*3 n.4 (M.D.N.C. Sept. 17, 2014).

*South Carolina v. United States*, 232 F. Supp 3d at 793.  The Fourth Circuit has clarified that "[t]his standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial."  *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and citation omitted).

2026, the Court granted in part and denied in part the Library Defendants' Motion.  ECF No. 44.  On April 8, 2026, the Library Defendants filed their Motion to Certify for Interlocutory Appeal or, Alternatively, to Reconsider or Stay.  ECF No. 47.  The Library Defendants represent that there was no opposition by Plaintiffs or the County as to their requested primary relief—a certificate of appealability.  *See id.* at 1, 4 n.2.  No response in opposition was filed within the time to do so.[2]  On April 16, 2026, the County filed its Motion for Reconsideration and/or Clarification or Amendment of Court Order.  ECF No. 48.  No response in opposition was filed.

### III.  DISCUSSION

**A.  The Library Defendants' Motion for Certificate of Appealability**

The Library Defendants ask the Court for an Order certifying the March 19, 2026, Order, which denied the Library Defendant's Motion to Dismiss in part.  *See* ECF Nos. 47, 44.  The Library Defendants specifically assert that they wish to appeal the Court's findings on Plaintiffs' First Amendment claims,[3] and they contend that they have

---

[2] In the Library Defendants' Motion, they represent that Plaintiffs were consulted as to all relief that the Library Defendants request and that Plaintiffs "do not object to the Court certifying its order to allow Defendants to pursue interlocutory review," but they "object to all other relief [that the Library] Defendants seek."  ECF No. 47 at 4 n.2.  On May 13, 2026, Plaintiffs filed a Motion for Leave to File Out of Time a response in opposition to the Library Defendants' Motion to the extent it seeks alternative relief in the form of reconsideration or a stay.  *See* ECF No. 49.  Since the Court ultimately grants the unopposed, primary relief sought by the Library Defendants, the Court need not reach the requested alternative relief for reconsideration or to stay raised by the Library Defendants.  Accordingly, Plaintiffs Motion for Leave to File Out of Time, ECF No. 49, is denied as moot.

[3] The Library Defendants refer to the Court's ruling on Plaintiffs' First Amendment claims.  The Court notes that one of Plaintiffs' two First Amendment claims was dismissed for lack of standing.  ECF No. 44 at 13–15.  The Library Defendants do not discuss the

demonstrated all three elements are applicable and met for these claims. ECF No. 47 at 8–14.[4] Neither Plaintiffs nor the County oppose Defendants' Motion to Certify for Interlocutory Appeal. *See* ECF Nos. 47 at 1, 4 n.2; 49 at 1, 2 n.1.

In denying the Library Defendants' Motion to Dismiss Plaintiffs' First Amendment claims, the Court considered "whether a public library may, without violating the First Amendment, enforce a policy that results in moving books based on their content to a separate, more restrictive section of the library." ECF 44 at 23. Neither the Fourth Circuit nor the Supreme Court has directly addressed this issue, so the Court turned to the Supreme Court's plurality decision in *Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico*, 457 U.S. 853 (1982), as well as other courts' interpretations of that decision, for guidance. *See id.* at 23–28. Because, based on Plaintiffs' allegations, "there is a plausible inference that the decision to enact the Written Policies[5] was based on

_____

Court's ruling on this First Amendment claim in their Motion, and, instead, focus their argument for certificate of appeal solely on the Court's ruling on Plaintiffs' other First Amendment claim. *See* ECF No. 47. Accordingly, the Court's analysis is limited to the relief that the Library Defendants specifically seek in their Motion.

[4] The Library Defendants also move for reconsideration or to stay. *See* ECF No. 47. While their request for relief related to the reconsideration or to stay address the Plaintiffs' Equal Protection claims, which the Court also declined to dismiss, it appears to the Court that the Library Defendants only seek a certificate of appealability as to the Court's ruling on one of Plaintiffs' First Amendment claims. *See id.* Accordingly, the Court's analysis is limited to the relief that the Library Defendants specifically seek in their Motion.

[5] "Written Policies" was defined in the Court's prior Order as the two written policies implemented by the Library in 2024, which removed all material from the juvenile and young adult sections of the library that contain "illustrations, themes, or story lines [that] affirm, portray, or discuss changing the appearance of a minor's gender in ways inconsistent with the minor's biological sex" or with "illustrations, themes, or storylines that celebrate, portray, or affirm gender transitioning." ECF No. 44 at 3 (citations omitted).

Defendants' ideological objections to the books' content or disagreement with their messages or themes rather than a viewpoint neutral reason," the Court denied the Library Defendants' Motion to Dismiss. *Id.* at 28. As noted by the Court, "drawing all inferences in Plaintiffs' favor, that Defendants' alleged conduct would not survive under any level of scrutiny," but the Court did not determine at this stage of litigation what level of scrutiny would apply to these claims. *Id.* at 28 n.4. Further, the Court declined to find that the government speech doctrine extended to library curation at the motion-to-dismiss stage based on the presence of contradictory persuasive precedent, the readily distinguishable factual background in the controlling precedent, the Supreme Court's directive to apply caution in extending the government speech doctrine, and the procedural posture of this action. *Id.* at 20–23.

The Library Defendants assert that "[c]ertification of the Court's Order of March 19, 2026, is warranted because it satisfies the statutory criteria and because it involves important, novel questions that are arising with increasing frequency." ECF No. 47 at 8. For the following reasons, the Court determines that certification is proper under 28 U.S.C. § 1292(b).

First, the Library Defendants assert that Plaintiffs' First Amendment claims raise central questions of law that are novel to this Circuit, including whether individuals have a positive right to receive information from a public library under the First Amendment and whether a public library's collection decisions are government speech. ECF No. 47 at 9. The Court finds that, based on these proposed questions, the Library Defendants seek to raise controlling questions of law on appeal that would be dispositive of the litigation. *See*

*In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, 6:15-MN-2613-BHH, 2016 WL 7320864, at *5 (D.S.C. July 18, 2016) ("A controlling question of law is a narrow question of pure law whose resolution would be completely dispositive of the litigation, either as a legal or practical matter." (quoting *Michelin N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc.*, 6:13-1067-HMH, 2013 WL 5946109, at *3 (D.S.C. Nov. 6, 2013))).  The resolution of either of these questions would materially impact the outcome of this litigation and, indeed, resolution in the Library Defendants' favor could completely resolve this action. Further, the particular facts of this dispute need not be addressed in order to resolve these questions.  *See Randolph v. ADT Sec. Servs., Inc.*, No. CIV.A. DKC 09-1790, 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012) ("Even where the question presented is a legal one, if resolution of that issue is rooted in the facts of a particular case, the question is not proper for interlocutory review." (citing *Fannin v. CSX Transp., Inc.,* 873 F.2d 1438, at *5 (4th Cir.1989) (unpublished opinion))).  Thus, the Court finds that its prior Order involves a controlling question of law.

Second, the Library Defendants contend that the novel theories of law described above are untested both in this district and the Fourth Circuit and that First Amendment jurisprudence in the library context has long been disputed and remains unsettled, as demonstrated by the Supreme Court's decision in *Pico*, 457 U.S. 853.  ECF No. 47 at 11. According to the Library Defendants, other courts who have addressed the issue have produced mixed results.  *Id.*  Based on case law as it currently stands, the Library Defendants contend there are substantial grounds for differences of opinion as the law in this area is unclear.  *Id.* at 12–13.  The Court agrees that the questions presented in this

8

litigation are novel and unsettled and there are substantial grounds for disagreement, which support a certificate of appeal on these issues. *See, e.g.*, *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (finding substantial grounds supporting a certificate of appealability "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented"); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009) (explaining that "district courts should not hesitate to certify an interlocutory appeal" under § 1292(b) when a decision "involves a new legal question or is of special consequence"); *but see In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[M]ere presence of a disputed issue that is a question of first impression, standing alone, is insufficient." (citations omitted)).

Third, the Library Defendants argue that immediate appeal of the Court's Order would materially advance the ultimate termination of the litigation in this action given the novelty of the legal questions at issue. ECF No. 47 at 13–14. The Library Defendants further contend similar questions of law have recently been raised and dealt with differently among the circuits, meaning that there is potential that, after expending significant funds to litigate this matter, there could be a dispositive ruling by either the Fourth Circuit or the Supreme Court that would materially impact this case. *Id.* at 13. Under the third prong, certification of an interlocutory appeal is appropriate only "in exceptional situations in which doing so would avoid protracted and expensive litigation." *Fannin*, 1989 WL 42583, at *2 (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir.

2011) (holding that an interlocutory appeal would materially advance resolution of litigation where reversal by the appellate court would dismiss one defendant and resolve multiple claims against all defendants, even though it would not resolve the entire case). As noted above, dependent on the resolution of these legal questions, some or all of the pending litigation may be concluded based upon the Fourth Circuit's ruling in this matter. Further, the Library Defendants have presented compelling, and unopposed, arguments that such a ruling would potentially save the Parties significant costs in litigating the matter. Thus, the Court finds that immediate appeal of the issues raised by the Library Defendants may materially advance the ultimate termination of the litigation.

For these reasons, the Court finds that its March 19, 2026, Order should be certified for immediate, interlocutory appeal on the issues described herein and set out in the Library Defendants' Motion. *See* ECF No. 47 at 8–14. Accordingly, the Library Defendants' Motion is granted as to the primary relief request—a certificate of appealability—and denied as moot as to the alternative relief sought—reconsideration or to stay.

## B. The County's Motion for Reconsideration or Clarification

The County moves pursuant to Federal Rule of Civil Procedure 54(b) for "reconsideration or more specifically clarification or amendment of the Court's Order filed March 19, 2026," and specifically seeks clarification by the Court that the Library is still a party to this action and that the County has not filed any dispositive motions and did not join the Motion to Dismiss filed by the Library Defendants. ECF No. 48 at 1–2. Neither Plaintiffs nor the Library Defendants filed a response to the County's Motion.

10

Plaintiff seeks relief under Fed. R. Civ. P. 54(b), which empowers this Court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. As noted above, under Rule 54(b), reconsideration "is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Ashmore v. Williams*, No. 8:15-cv-03633, 2017 WL 24255, at *2 (D.S.C. Jan. 3, 2017). This revisory power is committed to the discretion of the court, with the goal being "to reach the correct judgment." *Cohens v. Md. Dept. of Human Resources*, 933 F.Supp.2d 735, 741 (D. Md. 2013) (quoting *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp.2d 544, 547 (E.D. Va. 2010)); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Some courts have relied on the authority of Rule 54 to clarify prior Orders. *See, e.g.*, *Thompson v. Garnett*, No. CV 18-1022, 2020 WL 7351953 (D. Md. Dec. 15, 2020).[6]

The Court finds that clarification is appropriate to correct any inadvertent confusion caused by omissions or clerical errors in the Court's prior Order. Therefore, the Court clarifies that the Library is still party to this action and that the County was not party to the Motion to Dismiss filed by the Library Defendants. Accordingly, the County's Motion is granted to the extent it seeks clarification of the Court's prior Order.

---

[6] Further, under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." While relief may be granted under Rule 54(b), the Court finds that Rule 60(a) is another appropriate means for the relief that the County seeks.

11

## IV. CONCLUSION

For the reasons set forth above, the Library Defendants' Motion to Certify for Interlocutory Appeal [47] is **GRANTED** as to the primary requested relief and **DENIED AS MOOT** as to the alternative relief sought.   Further, the County's Motion for Reconsideration or Clarification [48] is **GRANTED** as set forth herein.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 28, 2026
Spartanburg, South Carolina

12