**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| O.R., by and through his parents, Cheryl Rogers and Greg Rogers, on behalf of himself and those similarly situated;<br><br>CHERYL ROGERS;<br><br>GREG ROGERS;<br><br>E.G., by and through her mother, Amber Galea, on behalf of herself and those similarly situated;<br><br>M.G., by and through her mother, Amber Galea; and<br><br>W.M., by and through his mother, Kersey Clark,<br><br>           *Plaintiffs*,<br><br>v.<br><br>GREENVILLE COUNTY, SOUTH CAROLINA;<br><br>GREENVILLE COUNTY LIBRARY SYSTEM;<br><br>BEVERLY JAMES, in her official capacity as Executive Director of the Greenville County Library System; and<br><br>KAREN ALLEN, in her official capacity as Youth Services Manager of the Greenville County Library System,<br><br>           *Defendants*. | Civil Action No. 6:25-cv-02599-DCC<br><br><br>**CONSENT MOTION TO STAY DISCOVERY** |

Defendants Greenville County Library System, Beverly James, and Karen Allen (together the "Library Defendants"), with the consent of Plaintiffs and co-Defendant Greenville County, move to stay discovery in the above-captioned matter while awaiting the resolution of the Library Defendants' interlocutory appeal currently pending before the Fourth Circuit Court of Appeals. *See O.R. v. Greenville Cnty. Library Sys.*, No. 26-178 (4th Cir.).

This Court has the authority to enter the requested stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court's inherent power to stay proceedings includes the ability to stay discovery. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (district courts are afforded "substantial discretion in managing discovery"); *see also* Fed. R. Civ. P. 26(c) (allowing courts to protect parties from discovery that would cause undue burden or expense for good cause shown).

Although there is no single standard to determine when to stay discovery pending resolution of an interlocutory appeal,[1] the question rests in the district court's discretion, and the central inquiry is whether a stay would serve judicial economy, result in hardship to either party, or prejudice either party. *Occupy Columbia* at \*1; *see also Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019); *AbbVie Inc. v. McCuskey*, No. 2:24-cv-00298, 2025 U.S. Dist. LEXIS 172511, at \*10–11 (S.D. W. Va. Sep. 4, 2025). As explained below, each of those factors points toward a stay in this case. Similarly, to the extent this Court considers this Motion under Rule 26(c) of the Federal Rules of Civil Procedure, the same facts and analysis demonstrate good cause shown.

First, granting this consent motion to stay discovery will serve judicial economy because it will alleviate (perhaps completely, depending on the resolution of the appeal) the need for the Court to determine a discovery schedule, enter a scheduling order, conduct potential status conferences related to discovery, or resolve any disputes concerning the scope of discovery requests, claims of privilege, and the like. Second, a stay will not result in hardship for any party. On the contrary, it will save them considerable time, effort, and expense associated with potentially

---

[1] *See Occupy Columbia v. Haley*, No. 3:11-CV-03253-CMC, 2013 WL 12380290, at \*1 n.2 (D.S.C. Mar. 18, 2013) (acknowledging different factors courts rely on to decide the question); *see also Zinski v. Liberty Univ., Inc.*, 761 F. Supp. 3d 916, 919 (W.D. Va. 2025) (stating "[t]here is no singular test in determining whether to grant a stay of discovery" and naming various factors that may be considered when considering staying discovery pending a motion to dismiss).

unnecessary written discovery and depositions. Third, no party will be prejudiced or otherwise harmed by granting this motion, as evidenced by the fact that all parties have consented to it.

In cases such as this, courts commonly stay discovery pending resolution of an interlocutory appeal. *See, e.g.*, *Occupy Columbia v. Haley*, No. 3:11-CV-03253-CMC, 2013 WL 12380290, at *1 (D.S.C. Mar. 18, 2013); *Williams v. Ozmint*, No. 6:07-2409DCN-WMC, 2008 WL 687095, at *2 (D.S.C. Mar. 11, 2008); *see also Pine Island Prop. Holdings, LLC v. Beaufort Cty.*, No. 9:26-cv-1617-RMG, 2026 U.S. Dist. LEXIS 133811, at *6 (D.S.C. June 16, 2026) (granting a stay pending resolution of an appeal in a related matter).[2]

For the foregoing reasons, the Library Defendants, with the consent of co-Defendant Greenville County and Plaintiffs, respectfully request an order staying discovery in this action to await the resolution of their pending appeal and any subsequent petitions for rehearing or certiorari.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Miles E. Coleman

Miles E. Coleman (Fed. Bar No. 11594)
E-Mail: miles.coleman@nelsonmullins.com
2 W. Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300

---

[2] *See also AbbVie Inc. v. McCuskey*, No. 2:24-cv-00298, 2025 U.S. Dist. LEXIS 172511, at *14 (S.D. W. Va. Sep. 4, 2025); *Indus. Servs. Grp., Inc. v. Dobson*, No. 1:21-cv-00090-MR-WCM, 2022 U.S. Dist. LEXIS 109161, at *8 (W.D.N.C. June 17, 2022); *Rose v. Balt. Cty.*, No. 1:23-cv-02078-JRR, 2025 U.S. Dist. LEXIS 84625, at *13–14 (D. Md. May 5, 2025); *Gilead Scis., Inc. v. Meritain Health, Inc.*, No. 1:24-cv-03566-JRR, 2026 U.S. Dist. LEXIS 21747, at *9 (D. Md. Feb. 3, 2026); *Campbell v. Sims*, Civil Action No. TDC-20-2590, 2021 U.S. Dist. LEXIS 182724, at *16 (D. Md. Sep. 23, 2021); *Myers v. Town of Elkton*, No. 22-cv-803-ABA, 2024 U.S. Dist. LEXIS 201765, at *7 (D. Md. Nov. 5, 2024); *Stafford v. Bojangles Rests., Inc.*, No. 3:20-cv-266-MOC, 2024 U.S. Dist. LEXIS 9521, at *5 (W.D.N.C. Jan. 17, 2024) (granting a stay pending resolution of an appeal of a class action certification); *G.T. v. Bd. of Educ. of Kanawha*, No. 2:20-cv-00057, 2021 U.S. Dist. LEXIS 254653, at *4–5 (S.D. W. Va. Dec. 20, 2021) (same).

WILSON JONES CARTER & BAXLEY
Charles F. Turner, Jr. (Fed. ID No. 05849)
E-Mail: cfturner@wjcblaw.com
J. Nathan Ozmint (Fed. ID No. 14360)
E-Mail: jnozmint@wjcblaw.com
John P. "Jack" Riordan (Fed. ID No. 07314)
E-Mail: jpriordan@wjcblaw.com
325 Rocky Slope Rd., Suite 201
Greenville, South Carolina 29607
(864) 672-3711

*Attorney for the Greenville County Library System, Beverly James, in her official capacity as Executive Director of the Greenville County Library System, and Karen Allen, in her official capacity as Youth Services Manager of the Greenville County Library System*

Greenville, South Carolina
August 7, 2026

4